WERDEGAR, J.,
Concurring.—I concur in the majority’s holding that Revenue and Taxation Code section 62.1, subdivision (b)* [1] does not by its terms mandate use of the appraisal formula adopted in this case by the Santa Barbara County Assessment Appeals Board No. 1 (Appeals Board). I also concur, therefore, in the majority’s direction to the lower courts that the Santa Barbara County Assessor’s petition for administrative mandate should be granted (maj. opn., ante, at p. 495); that petition prayed only for reversal of the Appeals Board’s decision and remand to that body for further proceedings consistent with California law. For reasons explained below, however, I greatly doubt the alternative appraisal formula recommended by the state Board of Equalization (SBE) and used by the assessor, the so-called extraction method (see maj. opn., ante, at p. 488), is consistent with either the language or the intent of section 62.1, subdivision (b).
Section 62.1, subdivision (b)(1) provides that the transfer of an individual share or membership interest in a mobilehome park owned by a nonprofit corporation or similar entity formed by park residents constitutes a change in ownership of “a pro rata portion of the real property of the park.” Subdivision (b)(2) of the statute defines “pro rata portion of the real property” as “the total real property of the mobilehome park multiplied by a fraction consisting of the number of shares of voting stock, or other ownership or membership interests, transferred divided by the total number of outstanding issued or unissued shares of voting stock of, or other ownership or membership interests in, the entity that acquired the park.”
As the majority observes, section 62.1, subdivision (b) defines the unit of real property that is subject to reassessment upon transfer of an individual share or membership in a nonsubdivided member-owned park; the statute’s language does not itself prescribe a mandated appraisal method. (Maj. opn., ante, at p. 487.) But the statute’s delineation of the property interest subject to reassessment is nonetheless important. The phrase “pro rata portion of the real property of the park” (§ 62.1, subd. (b)(1)) strongly suggests the unit to be appraised is an undivided portion of the park’s property, that is, a fractional part of the entire property rather than any individual mobilehome space or any other geographically specific piece of the park’s land. If any doubt existed on this point, the next paragraph (id., subd. (b)(2)) makes it explicit by defining the pro rata portion as a fractional part of the whole, *497 where the fraction is determined by dividing the number of shares or interests transferred by the total outstanding shares or interests.
The statute thus could not be clearer that the property unit subject to reassessment, and hence the unit that must be appraised, is an undivided fractional interest in the entirety rather than a specific physical portion of the park’s land. In this respect, section 62.1, subdivision (b) differs crucially from the parallel provision for transfers of units or lots within condominium and similar subdivided complexes, which provides that the property to be appraised is “the unit or lot transferred and the share in the common area [appurtenant to] such unit or lot.” (§ 65.1, subd. (b), italics added.)
The legislative history shows the Legislature was aware of this distinction and understood that under section 62.1, subdivision (b), the transfer of an individual membership interest in a nonsubdivided mobilehome park would not result in reassessment of the particular mobilehome space associated with the membership. As explained in a bill analysis written by the SBE, the provision that became section 62.1, subdivision (b) was intended to parallel the treatment of condominium and cooperative unit sales—but only up to a point. The parallel could not be exact because unlike in those sales, no particular space was being transferred in a membership sale: “A perfect match is not possible, however, because the transfer of a share or membership interest in a nonprofit corporation is not the same thing as a transfer of ownership of a condominium or stock cooperative interest, which relates to specific identifiable property. Thus, rather than following the pattern prescribed in Section 65.1(b), which provides for reappraisal of the specific unit or lot transferred as well as a share of the common area, the amendment provides for a straight pro rata adjustment.” (SBE, analysis of Sen. Bill No. 1885 (1987-1988 Reg. Sess.) Feb. 2, 1988, pp. 2-3, italics added; see maj. opn., ante, at pp. 492-493.)
When a share of a nonsubdivided mobilehome park is transferred, therefore, section 62.1, subdivision (b) mandates that an undivided pro rata portion of the entire park property, not any particular physical part of the park’s land, be reassessed. The statute’s premise, as the legislative history explains, is that sale of an interest in a nonsubdivided park does not transfer ownership of any individual unit or lot. Rather than reassess the individual mobilehome space, the assessor must therefore make what the bill analysis referred to as a “straight pro rata adjustment” to the assessed value. (SBE, analysis of Sen. Bill No. 1885 (1987-1988 Reg. Sess.) Feb. 2, 1988, at p. 3.) Whatever appraisal method is used, it must be aimed at valuing the undivided pro rata *498 interest deemed to have been transferred under section 62.1, subdivision (b), not a specific mobilehome space (even if one is associated by lease with the transferred share).
The SBE’s extraction method does not appear to meet this criterion. According to the SBE advisory letter upon which the assessor in this case relied, the extraction method is premised on the view that the sale of a membership share transfers ownership of the associated space. Because “[t]he ownership of a fractional interest in the park represents exclusive ownership of the individual underlying space,” the letter reasons, sale of a share or membership transfers “the exclusive right to occupy a particular space within the park.” (SBE Letter No. 99/87, Individual Transfers in Resident-Owned Mobilehome Parks (Dec. 31, 1999) pp. 3-4 (LTA No. 99/87), italics added.) Under this view, it follows that “the appraisal unit is the individual mobile-home space and the mobilehome.” (Id. at p. 4, italics added.) Ignoring the distinction it had made in the 1988 bill analysis, the SBE states in the 1999 advisory letter that under section 62.1, subdivision (b), transfers of shares in nonsubdivided parks are to be treated “on a par with” transfers of condominium and cooperative housing units. (LTA No. 99/87, supra, at p. 3.)[2]
Granted that section 62.1, subdivision (b) specifies only the property unit to be reassessed and does not mandate any particular appraisal method, the statute nonetheless appears to preclude the SBE’s extraction method, because the latter appraises the wrong unit of real property: it seeks to value the particular mobilehome space rather than an undivided share of the park’s total property. While section 62.1, subdivision (b) provides that the real property transferred by a membership share sale is an undivided “pro rata portion” of the park’s real property, the SBE’s 1999 advisory letter states the real property transferred, and hence the real property to be reassessed, is the “individual mobilehome space.” (LTA No. 99/87, supra, at p. 4.)
The SBE’s extraction method, in seeking to capture the market value of individual mobilehome spaces, may reflect market realities. But section 62.1, subdivision (b) is premised on an assumption seemingly inconsistent with the extraction method—that membership shares in park corporations, unlike condominium units, do not carry with them ownership of particular real property. Because, on this legislative view, no specific real property is transferred with sale of a park membership, the statute specifies the unit to be reassessed as an undivided pro rata portion of the whole rather than any individual mobilehome space. For this reason, I doubt the SBE’s method may validly be applied to the properties at issue here.
*499 I do not understand the majority to hold that the Appeals Board, on remand, must approve use of the SBE’s extraction method or any similar appraisal method. I therefore concur in the judgment of the majority.
The petition of both respondent and real parties in interest for a rehearing was denied April 16, 2014, and the opinion was modified to read as printed above.

 All further statutory references are to the Revenue and Taxation Code.

 As the Court of Appeal majority observed, “[i]f the Legislature had intended to treat resident-owned mobilehome parks in a manner similar to condominiums, stock cooperatives, and subdivided mobilehome parks, it could have amended section 65.1 to include them.”